IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

| | | |
|---|---|---|
| CATHY CALDWELL, an individual | ) | 2006 DEC -8 A 10: 10 |
| | ) | |
| Plaintiff, | ) | DEBRA P. HACKETT, CL |
| | ) | U.S. DISTRICT COURT |
| v. | ) Civil Action No.: | MIDDLE DISTRICT ALA |
| | ) | 2:06cv1088-MHT |
| SMART ALABAMA, LLC, a legal | ) | *JURY DEMAND* |
| entity, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

1. This is an action at law pursuant to 42 U.S.C. § 2000e *et seq.*, to redress unlawful employment practices. The jurisdiction of this court is invoked under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(4), as this matter in controversy involves a federal question and is an action by Federal law to redress civil rights secured to the plaintiff.

2. On May 31, 2006, the plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (hereinafter referred to as "EEOC"). The plaintiff filed her Charge of Discrimination within 180 days of the most recent discriminatory act. On October 16, 2006, the plaintiff received from the EEOC a Notice of Right to Sue. The plaintiff has filed her lawsuit within 90 days of the receipt of the Notice of Right to Sue and therefore has met all administrative prerequisites to the filing of this action.

## PARTIES

3. The plaintiff, Cathy Caldwell, is over the age of 21 years, and is a citizen of the

United States and is a resident of the State of Alabama.

4. The defendant, Smart Alabama, LLC, at all times pertinent to the allegations contained in this complaint, was doing business in Crenshaw County, Alabama. At all times relevant hereto, the defendant was plaintiff's employer, and is an employer within the meaning of 42 U.S.C. § 2000e-9(b).

## FACTS

5. In or about December 2005 and January 2006, the Plaintiff was employed with the defendant, Smart Alabama, LLC.

6. During the time that the Plaintiff was employed by the defendant, the Plaintiff made complaints of unwelcomed sexual harassment. The Plaintiff complained that she was being subjected to unwelcomed and uninvited sexual harassment by Rance Maddox who, at that time, was a supervisory employee of the defendant.

7. The defendant did not take reasonable and sufficient corrective action in response to the Plaintiff's complaints and the sexual harassment continued unabated.

8. Instead of taking necessary and reasonable corrective action in response to the Plaintiff's complaints, the defendant ratified and condoned the unlawful acts and did so despite having actual and legal knowledge and notice of those unlawful and discriminatory acts; or, if the defendant did take corrective action then such action was inadequate and did not end the unlawful acts or correct the adverse effects of the unlawful acts.

9. The unlawful acts complained of were malicious and were perpetrated again the Plaintiff with a reckless indifference to the Plaintiff's protected civil rights.

10. Following the Plaintiff's complaints and notice to the defendant as described

hereinabove, and the defendant's ratification of the harassment, the Plaintiff was forced to resign from her employment with the defendant on January 28, 2006 due to the hostile environment and the defendant's refusal to address the sexual harassment.

## COUNT I

11. Plaintiff realleges and readopts paragraphs 1 through 10 above as if fully set forth herein.

12. The plaintiff was subjected to unlawful discrimination and harassment in violation of 42 U.S.C. § 2000(e) *et seq.*, in that plaintiff was subjected to an unwelcomed and uninvited sexual harassment and when plaintiff brought this to the attention of her supervisors, nothing was done to remedy the situation; or, if steps were taken in attempt to remedy the situation, then such steps were inadequate, causing the plaintiff to resign from her employment with the defendant.

13. As a direct and proximate result of the defendant's discriminatory and harassing actions, the plaintiff has been deprived of economic and non-economic benefits, including, but not limited to lost wages, mental anguish, emotional distress, humiliation, embarrassment and loss of training and job education.

**WHEREFORE, PREMISES CONSIDERED**, plaintiff prays that this Honorable Court will grant the following relief:

(i) Declare the defendant's conduct to constitute a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.*;

(ii) Order the defendant to pay compensatory and punitive damages to the plaintiff in such an amount to be determined by a jury of the plaintiff's peers;

(iii) Order the defendant to pay plaintiff's attorney's fees and costs relative to this action pursuant to U.S.C. § 2000e-5(k) and other lawful authority;

(iv) Order the defendant to pay to the plaintiff all the pay and benefits she has lost as a result of the discriminatory and unlawful acts complained herein;

(v) Order the defendant to cease and desist from the discriminatory and unlawful acts complained of herein;

(vi) Order and award such other and further relief to which plaintiff is entitled and which this Honorable Court deems just and proper.

## COUNT II

14. Plaintiff adopts and realleges paragraphs 1 through 13 above as if fully set forth herein.

15. The Plaintiff was subjected to a hostile environment and sexually charged environment in violation 42 U.S.C. § 2000(e) *et seq.*, in that the defendant had actual and legal knowledge and notice that unlawful and discriminatory and sexually harassing practices were being perpetrated toward the Plaintiff in the workplace, yet the defendants failed to prevent or stop the unlawful and discriminatory practices.

16. The Plaintiff was subjected to sexual harassment in the workplace so severe and pervasive as to alter the terms and conditions of the Plaintiff's employment and to create an abusive and hostile working environment.

17. As a direct and proximate result of the sexual harassment and the sexually charged workplace and the hostile working environment as described above, the Plaintiff has been deprived of economic and non-economic benefits, including but not

limited to lost wages, emotional distress, mental anguish, humiliation, embarrassment and loss of training and job education.

**WHEREFORE, PREMISES CONSIDERED**, plaintiff prays that this Honorable Court will grant the following relief:

(i) Declare the defendant's conduct to constitute a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.*;

(ii) Order the defendant to pay compensatory and punitive damages to the plaintiff in such an amount to be determined by a jury of the plaintiff's peers;

(iii) Order the defendant to pay plaintiff's attorney's fees and costs relative to this action pursuant to U.S.C. § 2000e-5(k) and other lawful authority;

(iv) Order the defendant to pay to the plaintiff all the pay and benefits she has lost as a result of the discriminatory and unlawful acts complained herein;

(v) Order the defendant to cease and desist from the discriminatory and unlawful acts complained of herein;

(vi) Order and award such other and further relief to which plaintiff is entitled and which this Honorable Court deems just and proper.

*/s/ Lindsey O. Hill*
Richard F. Horsley (HOR023)
Lindsey O. Hill (HIL055)
Attorneys for Plaintiff

**OF COUNSEL:**

**GOOZEE, KING & HORSLEY**
**Shades Brook Bldg., Suite 200**
**3300 Cahaba Road**
**Birmingham, Alabama 35223**
**(205) 871-1310**

\*\*Plaintiff hereby demands a trial by struck jury on all issues of this case.\*\*

_____
Of Counsel

**SERVE DEFENDANT AS FOLLOWS:**

Smart Alabama, LLC                          *       **BY CERTIFIED MAIL**
c/o George B. Harris
401 Adams Ave., Ste. 780
Montgomery, Alabama 36104