IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CATHY CALDWELL, an individual, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 2:06 CV 1088-MHT ) ) |
| SMART ALABAMA, LLC, a legal entity, | ) ) |
| Defendant. | ) |

## ANSWER AND DEFENSES OF DEFENDANT SMART ALABAMA, LLC

COMES NOW defendant SMART Alabama, LLC ("defendant" or "SMART"), for and in response to plaintiff's Complaint filed December 8, 2006, and says as follows:

## ANSWER

Defendant responds to the corresponding numbered paragraphs of the Complaint as follows:

1. In response to paragraph one of the Complaint, defendant admits that plaintiff purports to bring this action to redress unlawful employment practices, admits that this Court has jurisdiction over claims properly involving federal questions, and denies the remaining allegations of the paragraph.

2. In response to paragraph two of the Complaint, defendant admits that plaintiff filed a charge of discrimination with the EEOC and admits that plaintiff was issued a Notice of Right to Sue. Except as expressly admitted herein, defendant denies the averments of paragraph two of the Complaint.

3. In response to paragraph three of the Complaint, defendant admits, upon information and belief, that plaintiff is over the age of 21 years, and is a citizen of the United

1528686

States and a resident of the State of Alabama. Except as expressly admitted herein, defendant denies the averments of paragraph three of the Complaint.

4. In response to paragraph four of the Complaint, defendant admits that it does business in Crenshaw County, Alabama, that it is an employer pursuant to Title VII of the Civil Rights Act, and expressly denies that defendant was plaintiff's employer. Except as expressly admitted herein, defendant denies the averments of paragraph four of the Complaint.

5. Defendant denies the averments of paragraph 5 of the Complaint.

6. In response to paragraph 6 of the Complaint, defendant denies that plaintiff was employed by defendant, admits that plaintiff complained of actions by Rance Maddox, and affirmatively avers that plaintiff's allegations were promptly investigated. Except as expressly admitted herein, defendant denies the averments of paragraph six of the Complaint.

7. Defendant denies the averments of paragraph 7 of the Complaint.

8. Defendant denies the averments of paragraph 8 of the Complaint.

9. Defendant denies the averments of paragraph 9 of the Complaint.

10. Defendant denies the averments of paragraph 10 of the Complaint.

## COUNT ONE

11. In response to paragraph 11 of Complaint, defendant incorporates its responses to paragraphs 1-10 above as though fully set forth herein.

12. Defendant denies the averments of paragraph 12 of the Complaint.

13. Defendant denies the averments of paragraph 13 of the Complaint.

In response to the plaintiff's WHEREFORE paragraph located below paragraph 13 of the Complaint, Defendant denies that plaintiff is entitled to a relief requested or any relief whatsoever.

## COUNT TWO

14. In response to paragraph 14 of the complaint, defendant incorporates its responses to paragraphs 1-14 above as though fully set forth herein.

15. Defendant denies the averments of paragraph 15 of the Complaint.

16. Defendant denies the averments of paragraph 16 of the Complaint.

17. Defendant denies the averments of paragraph 17 of the Complaint.

In response to the plaintiff's WHEREFORE paragraph located below paragraph 18 of the Complaint, Defendant denies that plaintiff is entitled to a relief requested or any relief whatsoever.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim against defendant for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Some or all of the plaintiff's claims are barred because of her failure to satisfy the administrative prerequisites, jurisdictional or otherwise, to bring in this action.

### THIRD AFFIRMATIVE DEFENSE

Some or all of the plaintiff's claims are barred because they are outside the scope of plaintiff's charge of discrimination filed with the EEOC.

### FOURTH AFFIRMATIVE DEFENSE

Some or all of the plaintiff's claims are barred because of her failure to make them the subject of a timely charge of discrimination filed with the EEOC.

## FIFTH AFFIRMATIVE DEFENSE

Some or all of the plaintiff's claims are barred by her failure to institute the action within 90 days of receiving a Notice of Right to Sue from the EEOC.

## SIXTH AFFIRMATIVE DEFENSE

Some or all of the plaintiff's claims are barred by the doctrine of laches and/or the applicable statutes of limitations.

## SEVENTH AFFIRMATIVE DEFENSE

Some or all of the plaintiff's claims are barred by the doctrine of estoppel and/or waiver.

## EIGHTH AFFIRMATIVE DEFENSE

No employment relationship existed between plaintiff and defendant.

## NINTH AFFIRMATIVE DEFENSE

Defendant avers that all actions taken by defendant with the respect to the plaintiff were taken for legitimate, non-discriminatory, and non-retaliatory reasons.

## TENTH AFFIRMATIVE DEFENSE

Even should the finder of fact determine that the plaintiff's sex played any part in the defendant's personnel actions regarding the plaintiff, defendant avers that such actions would have been taken in any event, for legitimate, non-discriminatory reasons.

## TWELFTH DEFENSE

Defendant is not liable for the activities alleged because it had in place an appropriate policy against harassment and an adequate procedure to receive and review these complaints, and plaintiff unreasonably failed to take advantage of this policy.

## THIRTEENTH DEFENSE

Even if the finder of fact determines that conduct counts to harassment occurred, defendant did not know and had no reason to know of such conduct.

## FOURTEENTH DEFENSE

Plaintiff unreasonably failed to utilize defendant's appropriate policy and procedure regarding the reports of the complaints of harassment.

## FIFTEENTH DEFENSE

Even if the finder of fact determines that conduct constituting sex harassment occurred, defendant, after learning of the plaintiff's allegations, promptly and properly investigated the matter, and took prompt, effective, and appropriate action.

## SIXTEENTH DEFENSE

Even if the plaintiff could establish that conduct constituting harassment occurred, defendant cannot be held liable for any such alleged conduct as it exercised reasonable care to prevent and correct promptly any allegedly harassing behavior and the plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by defendant or to avoid harm otherwise.

## SEVENTEENTH DEFENSE

Some or all the claims alleged in the complaint and/or the relief sought are foreclosed because the plaintiff is guilty of unclean hands.

## EIGHTEENTH DEFENSE

Some or all the claims alleged in the complaint and/or the relief sought are foreclosed because the plaintiff has not done equity.

## NINETEENTH DEFENSE

Defendant is not guilty of unlawful discrimination and retaliation against the plaintiff.

## TWENTIETH DEFENSE

Plaintiff would have been treated no differently even had she been male.

## TWENTY-FIRST DEFENSE

Some or all of the plaintiff's claims are barred by the doctrines of consent and/or acquiescence.

## TWENTY-SECOND DEFENSE

Defendant is not liable because it acted in good faith and conformity with applicable rules, regulations, and/or statutory interpretations.

## TWENTY-THIRD DEFENSE

Plaintiff's claims may be barred by the doctrine of after-acquired evidence.

## TWENTY-FOURTH DEFENSE

Plaintiff has failed to mitigate her damages.

## TWENTY-FIFTH DEFENSE

Plaintiff fails to state a claim against the defendant that would warrant the award of punitive damages.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

The plaintiff is not entitled to punitive damages since none of the actions taken by the defendant relative to the plaintiff were taken maliciously, intentionally, in bad faith or with callous or reckless disregard for the federally protected rights of the plaintiff.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

To the extent that plaintiff's Complaint could be interpreted to raise a demand for punitive damages, this demand violates the Constitution and/or common law or public policies of the United States on the following grounds:

a. It is a violation of the Due Process and Equal Protection Clauses of the 14th Amendment to impose punitive damages, which are penal in nature, against a civil defendant, upon either plaintiff satisfying a burden of proof that is less than beyond a reasonable doubt standard required in criminal cases.

b. The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of punitive damages against a defendant, which violates this defendant's rights to Due Process guaranteed by the United States Constitution.

c. The procedures pursuant to which punitive damages are awarded failed to provide specific standards for the amount of the award of punitive damages, which violates the Due Process Clause of the 14th Amendment of the United States Constitution.

    d.    The procedures pursuant to which punitive damages are awarded result in the imposition of different or disparate penalties for the same or similar acts, and thus, violate the Equal Protection Clause of the 14th Amendment of the United States Constitution and defendant's Due Process rights.

    e.    Any claim for punitive damages cannot be sustained because an award of punitive damages under existing standards violates rights guaranteed by the 5th, 8th, and 14th Amendments to the United States Constitution.

    f.    The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the 8th Amendment of the United States Constitution and in violation of defendant's Due Process rights.

    g.    Plaintiff's claim for punitive damages against defendant cannot be sustained because any award of punitive damages would violate defendant's Due Process rights inasmuch as juries are not guided by adequate or specific standards concerning the amount necessary to punish and deter and without a necessary relationship to the amount of actual harm caused.

    h.    The claim of punitive damages, and the provisions of law governing the right to recover punitive damages, are unconstitutionally vague, and definite and uncertain, and deprive this defendant of due process of law.

    i.    Plaintiff's claim of punitive damages, and the provisions of law governing any right to recover punitive damages under the allegations made in the Complaint, caused defendant to be treated differently from other similarly-situated persons and/or entities by subjecting defendant to liability beyond actual loss, if any, caused by any act or omission, if any, and to liability determined without clearly defined principles, standards, and limits on the amounts of such awards.

j.    Plaintiff is not entitled to recover punitive damages under the circumstances alleged, if based on current standards of civil litigation would violate the self incrimination clause of the 5th Amendment to the United States Constitution to impose against defendant punitive damages, which are penal in nature, yet compelled defendant to disclose potentially incriminating evidence.

k.    An award of punitive damages in this case would cause a deprivation of property without due process of law.

l.    The procedures pursuant to which punitive damages are awarded under the statutes alleged are not rationally related to legitimate government interests.

m.    The procedures pursuant to which punitive damages are awarded subject the defendant to punishment under a law not fully established before the alleged offense.

n.    The 11th Amendment of the United States Constitution prohibits plaintiff's recovery of damages or of any other monetary relief in this action.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Defendant denies all allegations not specifically admitted herein.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Defendant reserves the right to add any and all affirmative defenses applicable hereto which are not at this time ascertained but will be added by amendment once they are identified.

/s/ Kathryn M. Willis
Marcel L. Debruge (DEB006)
Ronald W. Flowers, Jr. (FLO031)
Kathryn M. Willis (MOR130)

Attorneys for Defendant
SMART ALABAMA, LLC.

**OF COUNSEL:**
BURR & FORMAN LLP
420 North 20th Street, Suite 3100
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Answer and Defenses to Complaint has been served on the following by directing same to their office addresses through first-class, United States mail, postage prepaid, on this the 27th day of December, 2006:

Richard F. Horsley
Lindsey O. Hill
Goozee, King & Horsley
Shades Brook Bldg., Suite 200
3300 Cahaba Road
Birmingham, Al 35223
Phone: (205) 871-1310

/s/ Kathryn M. Willis
OF COUNSEL

1528686                            10