IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CATHY CALDWELL, an individual, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 2:06 CV 1088-MHT ) |
| SMART ALABAMA, LLC, a legal entity, | ) ) |
| Defendant. | ) |

# REPORT OF PARTIES' PLANNING MEETING

Pursuant to Fed. R. Civ. P. 26(f), a meeting of the parties' representatives was held via telephone on January 8, 2007, and was attended by:

Richard Horsley for Plaintiff, Cathy Caldwell

Ronald W. Flowers, Jr. for Defendant, SMART Alabama, LLC

1.  Pre-Discovery Disclosures.

The parties will exchange by January 29, 2007 the information required by Fed. R. Civ. P. 26(a)(1).

2.  Synopsis of the Case: The case synopses will be provided in a revised Report of Parties Planning Meeting to be filed next week.

Plaintiffs' Position: The plaintiff, Cathy Caldwell, claims that in December, 2005, and January, 2006, she was employed by the defendant. During that same period, the plaintiff claims she was made the subject of unwelcomed sexual

1532463 v1

harassment by a supervisor named Rance Maddox. The plaintiff further claims that she complained to the defendant about the sexual harassment, and that the defendant did not take reasonable or sufficient corrective actions in response to her complaints. As a result, the harassment continued. As a result of the continued harassment, and the defendant's ratification of the harassment, the plaintiff was forced to resign from her employment on January 28, 2006. The plaintiff claims unlawful discrimination and harassment in violation of 42 U.S.C. § 2000 (e). The plaintiff claims entitlement to compensatory and punitive damages, as well as other damages cited in the complaint.

Defendant's Position: Defendant denies that it was ever the employer of plaintiff under Title VII of the Civil Rights Act. Even so, defendant denies that the plaintiff was subjected to any harassment by Rance Maddox or any other defendant employee. Defendant had in place policies and procedures against harassment and an adequate procedure to receive and remedy complaints of harassment. The plaintiff unreasonably failed to utilize those policies and procedures for reporting complaints or to avoid harm otherwise.

Plaintiff was not forced to resign her employment from ADI Security Services. She voluntarily abandoned her employment. Defendant did not authorize, condone, or ratify any unlawful conduct by its employees. Plaintiff is entitled to no relief whatsoever.

3. Discovery Plan.

<u>Plaintiff's position</u>: Plaintiff needs discovery on the Plaintiff's claims, damages and Defendant's defenses.

<u>Defendant's position</u>: Defendant needs discovery on the Plaintiff's claims, damages and facts in support of Defendant's defenses.

The parties jointly propose to the court the following discovery plan:

All discovery commenced in time to be completed by October 26, 2007.

**Interrogatories**

Maximum of 25 interrogatories by each party to any other party. Responses due 30 days after service.

**Requests for Admission**

Maximum of 25 requests for admission by each party to any other party. Responses due 30 days after service.

**Requests for Production of Documents**:

Maximum of 25 requests for production by each party. Responses due 30 days after service.

**Depositions:**

Maximum of 6 depositions by Plaintiff and 6 depositions by Defendant.

Each deposition is limited a maximum of 7 hours unless extended by agreement of parties.

**Reports of retained experts under Rule 26(a)(2) due:**

From Plaintiff:    June 1, 2007

From Defendant:    July 1, 2007

Supplementations under Rule 26(e) due no later than 30 days before discovery concludes.

4.    **Other Items.**

**Settlement:**  The parties do not wish to attempt ADR at this juncture of the case inasmuch discovery in this matter has not yet begun and settlement cannot be evaluated prior to close of discovery.  The parties may discuss settlement of this case at a later date.

**Conference:** The parties do not request a conference with the court before entry of the scheduling order.

The parties request a pretrial conference 60 days prior to trial.

**Join Additional Parties and Amendments:**  Plaintiff should be allowed until February 1, 2007 to join additional parties and amend the pleadings. Defendant should be allowed until February 15, 2007 to join additional parties and to amend the pleadings.

**Dispositive Motions:** All potentially dispositive motions should be filed by September 28, 2007.

**Final Lists of witnesses and exhibits:** Final lists of witnesses and exhibits under Rule 26(a)(3) should be due:

<u>From Plaintiff</u>:    30 days prior to trial

<u>From Defendant</u>:    30 days prior to trial

Parties should have 14 days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

**Trial:**

The case should be ready for trial February 2008 and at this time is expected to take approximately 2-3 days.

**Electronic Information:**

To the extent that it exists, the parties will produce relevant, non-privileged information in PDF format.

/s/ Richard Horsley<br>
Richard Horsley<br>
Attorney for the Plaintiff

**OF COUNSEL:**
Richard F. Horsley, Esq.
Goozee, King & Horsley
Shades Brook Building, Suite 200
3300 Cahaba Road
Birmingham, Alabama 35223

/s/ *Ronald W. Flowers, Jr.*
Marcel L. Debruge (DEB006)
Ronald W. Flowers (FLO031)

Attorneys for Defendant
SMART ALABAMA, LLC

**OF COUNSEL:**
BURR & FORMAN LLP
420 North 20th Street, Suite 3100
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100