IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CATHY CALDWELL, an individual ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 2:06 CV 1088-MHT |
| ) | |
| SMART ALABAMA, LLC, a legal ) | |
| entity, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S BRIEF IN SUPPORT OF HER
MOTION FOR LEAVE TO AMEND COMPLAINT**

COMES NOW the Plaintiff, Cathy Caldwell, and in accordance with this Honorable Court's Order of July 2, 2007, files herewith her brief in support of her previously-filed Motion for Leave to Amend the Complaint. As grounds for her motion, the plaintiff states and shows as follows:

1. The undersigned became aware that the Plaintiff was not an employee of the Defendant, Smart Alabama, LLC, during her deposition on June 27, 2007. The Plaintiff was actually an employee of a company which provided security services to the Defendant at the time the claims arose. Following that discovery, the undersigned immediately filed the Motion for Leave to Amend, in order to assert state-law claims on the Plaintiff's behalf, including invasion of privacy, outrage, and assault and battery.

2. This request is not timely according to the Uniform Scheduling Order's cut-off date of February 15, 2007. However, at the time that the particular deadline passed, plaintiff's counsel was unaware that the plaintiff was not an employee of

the defendant. Looking back at the EEOC file, plaintiff's counsel should have been aware, but was not. Otherwise, the state law claims would have been included with the initial complaint, or the complaint would have been filed in state court asserting state law claims.

3. The Plaintiff requests that this Honorable Court excuse the deadline and allow her to amend her complaint adding the claims mentioned above and more fully set forth in the proposed Amended Complaint, attached to her Motion for Leave. As is specifically required in Rule 15 of the Federal Rules of Civil Procedure, "leave [to amend] shall be freely given when justice so requires." Under the present circumstances, the Plaintiff asserts that justice requires she be allowed to amend her complaint in order for her claims to be properly asserted against the Defendant. A denial will essentially extinguish the Plaintiff's ability to pursue these claims.

4. The standard for allowing amendments, announced in *Foman v. Davis*, 371 U.S. 178 (1962), requires that leave to amend be freely granted, unless there has been undue delay, bad faith, or dilatory motive on the part of the party seeking the amendment, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the opposing party, or if the amendment is futile.

5. The undersigned is not seeking leave to amend the original complaint in a spirit of bad faith or an underlying dilatory motive – she simply seeks to conform the pleadings to the evidence as it has been discovered.

6. Although several months have passed since the Uniform Scheduling Order's deadline for such amendments, "the mere passage of time, without more, is an

insufficient reason to deny leave to amend a complaint...." <u>Hester v. International Union of Operating Engineers</u>, 941 F.2d 1574 (11th Cir. 1991).

7. Furthermore, if this Court allows such amendments, the defendant will not be subject to any undue prejudice. The Uniform Scheduling Order's discovery deadline is not until the end of October – nearly four months from now – and the defendant, if it wishes, may certainly re-depose the Plaintiff regarding her amendments.

8. This Court, in accordance with <u>Lonestar Motor Import, Inc. v. Citroen Cars Corp</u>, 288 F.2d 69 (5th Cir. 1991), must consider the prejudice to the movant seeking leave to amend, as well. The prejudice to the plaintiff in this case would be great – essentially foreclosing all of her claims against the defendant.

9. In such circumstances, "the leave sought, should, as the rules require, be 'freely given.'" <u>Thomas v. Farmville Mfg. Co., Inc.</u>, 705 F.2d 1307 (11th Cir. 1983)(quoting <u>Foman v. Davis</u>, 371 U.S. at 182, 83).

Based on the foregoing, the Plaintiff respectfully requests that this Honorable Court grant leave to the Plaintiff to amend the original complaint.

    /s/ Richard F. Horsley
Richard F. Horsley (HOR023)
Lindsey O. Hill (HIL055)
Attorneys for Plaintiff

**OF COUNSEL**:

**KING, HORSLEY & LYONS, LLC**
**1 Metroplex Drive, Ste. 280**
**Birmingham, Alabama 35209**
**(205) 871-1310**

## CERTIFICATE OF SERVICE

_____I do hereby certify that I have served a copy of the foregoing on all counsel of record by placing a copy of same in the U.S. Mail, prepaid first class postage, on this the __9th__ day of __July__, 2007.

Marcel L. Debruge, Esq.
Ronald W. Flowers, Jr., Esq.
Kathryn M. Willis, Esq.
BURR & FORMAN, LLP
420 North 20th Street
Suite 3100
Birmingham, Alabama 35203

Thomas F. Kelly, Jr.
P.O. Box 605
Clayton, Alabama 36016-0605

                                                                             /s/ Richard F. Horsley