IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CATHY CALDWELL, an individual, , | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) CIVIL ACTION NO. CV-06-1088-MHT |
| SMART ALABAMA, LLC, a legal entity, , | ) ) ) ) |
| Defendant. | |

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT

COMES NOW defendant SMART Alabama, LLC ("SMART") and files this Opposition to Plaintiff's Motion for Leave to Amend the Complaint. In support of its motion, defendant says as follows:

1. On January 23, 2007, this Court issued a Scheduling Order stating that "[a]ny motions to amend the pleadings and to add parties shall be filed on or before February 15, 2007." (Attachment A, Section 4).

2. Plaintiff now moves <u>four months after</u> the Court's ordered deadline to amend the Complaint to add Rance Maddox as a party and to add state law claims.

3. This Court lacks jurisdiction to grant plaintiff's motion to amend her complaint.

1584841 v1

a. In her complaint, plaintiff alleged that this Court had jurisdiction over her claims because the "matter in controversy involves a federal question and is an action by Federal law to redress civil rights secured to the plaintiff." Complaint, ¶ 1.

b. Plaintiff did not raise any other grounds for jurisdiction in her complaint than federal question jurisdiction.

c. Plaintiff's claims in this action arise solely under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.*

d. A plaintiff must have been employed by the defendant, as defined by the statute, to bring claims against the defendant under Title VII. *See, e.g., Virgo v. Riviera Beach Assocs., Ltd.*, 188 F.3d 1350 (11th Cir. 1994).

e. Although plaintiff alleges in her complaint that she was employed by the defendant (Complaint, ¶ 5), plaintiff avers in her brief in support of her Motion to Amend that "the Plaintiff was not an employee of the Defendant, Smart Alabama, LLC." Plaintiff's Brief in Support of Motion for Leave to Amend Complaint, ¶ 1.

f. Because plaintiff admits that she was not an employee of defendant SMART Alabama, she cannot bring a claim under Title VII against SMART and this Court lacks subject matter jurisdiction over this action.

g. As this Court lacks subject matter jurisdiction over this action, this Court does not have jurisdiction to grant plaintiff leave to amend this Complaint to assert state law claims. See *Blankenship v. Claus*, 149 Fed. Appx. 897, 2005 WL 2141467 (11th Cir. Sept. 7, 2005); see *Love v. Internal Rev. Serv.*, 1980 WL 1597 (N.D. Ga. 1980), citing *DeLoach v. Woodley*, 405 F.2d 496, 497 (5th Cir. 1968) ("where a complaint, as amended, would be subject to dismissal, leave to amend need not be granted").

4. Even if this Court did have jurisdiction over this case, plaintiff offers no compelling reason for disrupting the schedule to which she has agreed:

a. Plaintiff must show "good cause" in order to amend her Complaint:

> "A party who requests leave to amend after the date specified in the initial scheduling order must satisfy two prerequisites. The party must first demonstrate that there is some 'good cause' why the court should not adhere to the dates specified in the scheduling order. If the party shows 'good cause' to the court's satisfaction, the party must then demonstrate that leave to amend is proper under Federal Rule of Civil Procedure 15."[1]

b. The party seeking the untimely amendment must demonstrate why the deadlines in the Scheduling Order "cannot reasonably be met *despite the*

---

[1] *Forstmann v. Culp*, 114 F.R.D. 83 (M.D.N.C. 1987); see also *Sosa v. Airport Systems, Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) ("If [the court] considered only Rule 15(a) without regard to Rule 16(b), [it] would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure").

*diligence of the party* seeking the extension." FED. R. CIV. P. 16(b), Adv. Comm. Notes (emphasis added).

      c.    Plaintiff's counsel admits that it could have ascertained that SMART was not plaintiff's employer by reviewing the EEOC file, and that it would have either included state law claims in the present suit or would have filed in state court. Pl.'s Brief in Support of Her Mot. for Leave to Amend Compl. ¶ 3.

      d.    Plaintiff's failure to name the correct parties and assert all applicable claims demonstrates plaintiff's lack of diligence. Not only could this be ascertained from the EEOC file, but the plaintiff's own knowledge. The same facts learned during plaintiff's deposition could have also been ascertained prior to the filing of this lawsuit.

      e.    Regardless of whether plaintiff knew who her employer was, she knew of her potential state law claims and claims against Rance Maddox well before this lawsuit was filed and could have included them in the present suit.

5.    In addition to failing to show good cause, plaintiff has failed to establish that leave to amend is proper under Fed. R. Civ. P. 15(a).

      a.    There is no absolute or automatic right to amend one's complaint. See *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 224 (8th Cir. 1994).

  b. Instead, the Court is given discretion in granting or denying leave to amend a complaint. Courts generally consider such factors as undue delay, bad faith, or dilatory motive, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment. See *Foman v. Davis*, 371 U.S. 178, 182 (1962).

  6. Plaintiff has not demonstrated any compelling reason for the undue delay in asserting state law claims or naming Rance Maddox as a party. Even if plaintiff was unclear as to whether SMART was her employer, she had knowledge of these potential claims prior to this lawsuit.

  7. SMART has already incurred undue burden and expense in defending a meritless Title VII claim that due diligence would have prevented. Allowing plaintiff to amend her complaint now would further cause SMART undue burden and expense.

  a. The parties have conducted an extensive amount of written discovery based solely on the Title VII claim. If the amendment is allowed, written discovery would have to be performed on the state law claims causing SMART undue burden and expense.

  b. The plaintiff has already been deposed regarding her Title VII claim. Plaintiff will have to be redeposed regarding the state law claims, also causing SMART undue burden and expense.

8.  SMART should not be burdened by plaintiff's own lack of diligence in naming the correct parties and asserting all claims, especially when she had this knowledge and information prior to filing this lawsuit.

WHEREFORE, PREMISES CONSIDERED, defendants respectfully request that this Court deny Plaintiff's Motion for Leave to Amend the Complaint.

/s/ Ronald W. Flowers, Jr.
Marcel L. Debruge (DEB006)
Ronald W. Flowers (FLO031)
Kathryn M. Willis (MOR130)

Attorneys for Defendant
SMART ALABAMA, LLC

**OF COUNSEL:**
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Opposition to Plaintiff's Motion for Leave to Amend Complaint has been served on the following by directing same to their office addresses through first-class, United States mail, postage prepaid, on this the 16th day of July, 2007:

Richard F. Horsley
Lindsey O. Hill
KING, HORSLEY & LYONS, LLC
1 Metroplex Drive, Ste. 280
Birmingham, AL 35209

/s/ *Ronald W. Flowers, Jr.*
OF COUNSEL